Morris S. Getzels, Esq. - State Bar #70947
MORRIS S. GETZELS Law Office, A.P.C.
6047 Tampa Avenue, Suite 307
Tarzana, CA 91356-1176
Telephone (818) 881-5550 or (310) 288-0200
Facsimile  (818) 881-5558

Attorney for Plaintiff, Raymond Hiawatha Porter

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND HIAWATHA PORTER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, LAPD OFFICER EDWIN ROCHA (38526), LAPD JONATHAN CHEL (38316), LAPD OFFICER ROBERT MEZA, LAPD DETECTIVE JENNIE PAI KIT WONG AND DOES 1-10,<br><br>Defendants. | CASE NO.  2:15-CV-07657-PSG-(KSx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>**(Post Summary Adjudication)**<br><br>**1. VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**<br>**2. MUNICIPAL LIABILITY FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983)**<br>**3. ASSAULT AND BATTERY**<br>**4. FALSE ARREST AND IMPRISONMENT**<br>**5. NEGLIGENT TRAINING, RETENTION AND HIRING**<br>**6. NEGLIGENCE**<br>**7. VIOLATION OF CALIFORNIA CIVIL CODE §52.1**<br>**8. VIOLATION OF CALIFORNIA CIVIL CODE §51.7**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Raymond Hiawatha Porter (hereinafter Mr. Porter) hereby makes the following allegations in support of this Complaint:

<u>PLAINTIFF</u>

1.     Mr. Porter, at all time during the events alleged in this complaint was a resident of the County of Los Angeles, State of California.  Mr. Porter is an African-American.

1

## DEFENDANTS

2. Each named defendant is a natural person except for defendant City of Los Angeles, which is a governmental entity.

3. DEFENDANT Edwin Rocha is an Officer of the City of Los Angeles Police Department.

4. Mr. Porter is suing Defendant Edwin Rocha in his individual capacity.

5. Mr. Porter is also suing Defendant Edwin Rocha in his official capacity.

6. DEFENDANT Jonathan Chel is an Officer of the City of Los Angeles Police Department.

7. Mr. Porter is suing Defendant Jonathan Chel in his individual capacity.

8. Mr. Porter is also suing Defendant Jonathan Chel in is official capacity.

9. DEFENDANT Robert Meza is an Officer of the City of Los Angeles Police Department.

10. Mr. Porter is suing Defendant Robert Meza in his individual capacity.

11. Mr. Porter is also suing Defendant Robert Meza in his official capacity.

12. DEFENDANT Jennie Pai Kit Wong is a Detective of the City of Los Angeles Police Department.

13. Mr. Porter is suing Defendant Jennie Pai Kit Wong in her individual capacity.

14. Mr. Porter is also suing Defendant Jennie Pai Kit Wong in her official capacity.

15. Defendant City of Los Angeles is, and at all times herein mentioned was, an incorporated city and political subdivision of the State of California, duly organized and existing under the laws of the State of California.

16. Mr. Porter is unaware of the true identities and capacities of Does 1-10, inclusive and for that reason sues those Defendants by fictitious first names. Each of the fictitiously named Defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Mr. Porter will seek leave to amend this First Amended Complaint to allege the true identifies and capacities of those fictitiously named Defendants when they are determined.

/ / /

FIRST AMENDED COMPLAINT

17.     Each defendant is, and at all times herein mentioned was, the agent, employee, servant, or representative of each other defendant.  At all times herein mentioned, each and every defendant herein had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other defendant herein.  Each defendant, in doing the acts or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority, or the alleged act and omissions of each defendant, as agent, were subsequently ratified and adopted by each other defendant as principal.

18.     Mr. Porter is informed and believes and thereon alleges that, at all times relevant to this Complaint, all the individual Defendants acted under the color of state law.

19.     Mr. Porter timely presented his government tort claims to the appropriate governing entities.  Defendants' liability under California law is premised on Government Code sections 815.2 and 820.  Further, with respect to plaintiff's claims under California law, Defendant City of Los Angeles is liable for the acts and omissions of its agents and employees under the principle of respondeat superior.

<u>FACTS COMMON TO ALL COUNTS</u>

20.     Mr. Porter was deprived of interests protected by the Constitution or laws of the United States, and defendants and each of them caused all such deprivations while acting under color of state law.

21.     Mr. Porter is informed and believes and thereon alleges that all acts or omissions alleged to have been engaged in by any individual defendant were committed with evil motive and intent, and in callous, reckless, and wanton disregard to the individual rights of Mr. Porter.

22.     Mr. Porter is an audio-video engineer who is a member of the International Alliance of Theatrical Stage Employees (IATSE) Local 33 and Local 695.

23.     On or about August 8, 2014 at approximately 1:55 p.m., Mr. Porter was driving back to work at the Shrine Auditorium in downtown Los Angeles, California.  Mr. Porter was working as the lead video technician at the Teen Choice Awards, being held in the Shrine Auditorium that day.

///

3

24.     Mr. Porter was driving his 1988 red, two-door Mazda RX-7 convertible, with the top down, license plate number 2MBF283, to the Shrine Auditorium to do his job.  Mr. Porter was driving on Jefferson Boulevard and reached the intersection of Jefferson and McClintock when the following events occurred.

25.     At or about 1:55 p.m., as Mr. Porter was driving his car, he was stopped by three City of Los Angeles Police Department Officers, who asked Mr. Porter to the best of his recollection at this time, for his license and registration.

26.     Mr. Porter is informed and believes and thereon alleges that the three LAPD officers who stopped his car and asked for his license and registration were Defendant Officer Edwin Rocha, Badge No. 38526, Defendant Officer Jonathan Chel, Badge No. 38316, and Defendant Officer Robert Meza.

27.     There was no probable cause for Defendants Officer Edwin Rocha Badge No. 3852, Officer Jonathan Chel Badge No. 38316 and Officer Robert Meza to have stopped Mr. Porter's vehicle, because Mr. Porter was driving lawfully, was not speeding, was not driving erratically or improperly.  Mr. Porter is informed and  believes that the only reason the Defendants Edwin Rocha, Jonathan Chel and Officer Robert Meza stopped his vehicle was because of the color of his skin, black, and because Mr. Porter is an African American gentleman.

28.     Mr. Porter is informed and believes and thereon alleges that during the time that he was stopped by Defendants Officer Edwin Rocha, Officer Jonathan Chel and Officer Robert Meza, that between four and six other LAPD Officers including Officer Bone, Officer Bouchet, and  Defendants Does 1-4 came to the intersection of Jefferson Boulevard and McClintock and observed the remainder of the incident, and remained there for the remainder of the incident, at the conclusion of which Mr. Porter was arrested.

29.     Mr. Porter requested a supervisor be called to the traffic stop.  In response to Officer Chel's radio request for a supervisor, Defendant Sergeant (now Detective) Jennie Pai Kit Wong came to the scene of the traffic stop.  Defendant Wong remained at the scene as the

/ / /

4

1   ranking officer, and acted as supervisor of all the other Los Angeles Police Department Officers

2   at the scene.

3         30.    The renewal of Mr. Porter's registration of his aforesaid 1988 Mazda RX-7 was

4   being held in abeyance by the California State Department of Motor Vehicles ("DMV") pending

5   Mr. Porter passing a smog test. Because of the age of his car, the part necessary to be installed in

6   Mr. Porter's car for Mr. Porter's car to pass the smog test was not readily available, but had been

7   ordered, and Mr. Porter was awaiting the delivery of the part , so that it could be installed, and so

8   that the Mazda could pass the smog test and have its registration renewed. The ordered part did

9   not arrive until September, 2014, at which time it was installed, and the car passed the smog test,

10   and the registration was renewed.

11         31.    California Vehicle Code Section 4463 makes criminal displaying or causing or

12   permitting to be displayed <u>with fraudulent intent</u> and with intent to prejudice, damage or defraud,

13   a suspended registration card.

14         32.    On August 8, 2014, Mr. Porter was not at any time in violation of California

15   Vehicle Code Section 4463, because his registration was not suspended and because Mr. Porter

16   at no time acted with fraudulent intent or with any intent to prejudice, damage or defraud anyone

17   concerning his registration card. Instead, his registration card stated that the registration was

18   incomplete because a smog inspection and certification was required and further stated that Mr.

19   Porter had paid the registration fee. There was no indication or action taken by Mr. Porter that

20   showed fraudulent intent or an intent to prejudice, damage or defraud anyone concerning Mr.

21   Porter's registration card.

22         33.    Despite the fact that Mr. Porter had no fraudulent intent, or intent to prejudice,

23   damage or defraud, and that no evidence of a fraudulent intent, or intent to prejudice, damage or

24   defraud existed, Defendants Officer Edwin Rocha, Officer Robert Meza and Officer Jonathan

25   Chel, all under the supervision and direction of Defendant Sergeant Jennie Pai Kit Wong,

26   arrested Mr. Porter and charged him with having violated California Vehicle Code Section

27   4463(a)(1), a felony and driving on a suspended or revoked license. Mr. Porter's car was

28   impounded, and taken to Swany McDonald Tow.

FIRST AMENDED COMPLAINT

34.     In the course of arresting him, Raymond Porter is informed and believes and thereon alleges that Officer Robert Meza placed handcuffs on Mr. Porter.

35.     Because Mr. Porter did not resist being arrested, had no weapons on his person or in his vehicle at the time of the arrest, was being arrested for a non-violent crime, had no history of violence and posed no threat to the safety of any of the Police Officers present, the handcuffing of Mr. Porter was unnecessary, unwarranted, and not in accordance with good police procedure.  Moreover, Mr. Porter was not given Miranda warnings at the time of his arrest, in the field.

36.     Mr. Porter immediately told the City of Los Angeles Police Officers present, including but not limited to Officer Edwin Rocha, Officer Jonathan Chel, Officer Robert Meza, Sergeant Jennie Pai Kit Wong, Officer Bone, Officer Bouchet and Does 1-4 that the handcuffs were too tight.  The response which Mr. Porter is informed and believes and thereon alleges came from either Officer Edwin Rocha, Officer Jonathan Chel, Officer Robert Meza, Sergeant Jennie Pai Kit Wong, Officer Bone or Officer Bouchet or the Defendants sued as Does 1-4 was "it's not a long ride."

37.     Because Mr. Porter was not a threat to the safety of any of the Los Angeles Police Officers present, his handcuffs should have been loosened by Defendants.

38.     Officers Bone and Bouchet under the supervision and at the direction of Sergeant Jennie Pai Kit Wong, then transported Mr. Porter to the Southwest Division Station of the LAPD, located approximately at Martin Luther King Boulevard and Western Avenue, all the time with Mr. Porter in handcuffs that were too tight.

39.     After arriving at the Southwest Division Station, Mr. Porter was transported by LAPD Officers, who Mr. Porter is informed and believes and thereon alleges were Officers Edwin Rocha, Jonathan Chel, or Robert Meza or Does 1-6 to the 77th Street Jail.

40.     Sometime after arriving at the 77th Street Jail, Mr. Porter's handcuffs were removed.  But Mr. Porter had suffered injuries to both of his upper extremities because the handcuffs had been too tight.

///

FIRST AMENDED COMPLAINT

41.   Mr. Porter's right arm was damaged more severely than his left arm.  Mr. Porter, who is a right handed person, lost the use of his right hand because of what was diagnosed as Radial Nerve Palsy.  It is also called "handcuff neuropathy" from tight fitting handcuffs which compress the distal radial nerve, also known as cheiralgia paresthetica.

42.   For several months Mr. Porter could not use his right hand.  He lost all manual dexterity, and he was unable to stop his right hand from falling downward at the wrist.  Mr. Porter's right arm was numb, and remained numb for several months.

43.   Mr. Porter experienced and continues to experience elbow pain in his upper extremities.

44.   Sometime after the handcuffs were removed and at approximately 7:00 or 8:00 p.m., Mr. Porter was taken by ambulance from the 77th Street Jail to Centinela Hospital Medical Center at 555 East Hardy Street, Inglewood, CA where he was seen by Emergency Room Physician Jay Melton and attended to by several nurses.  Dr. Melton put a splint on Mr. Porter's right arm and put a sling on Mr. Porter to hold his right arm, but could do nothing about the nerve damage affecting Mr. Porter's right hand, which continued to hang like dead weight, and could do nothing about the numbness.

45.   While in the hospital, Officers Edwin Rocha, Jonathan Chel, and Robert Meza guarded Mr. Porter, at various times throughout the night.

46.   After about 3 to 4 hours at the Centinela Hospital Medical Center Emergency Room, Mr. Porter was released by Dr. Melton at about 11:00 p.m., with a notation on the discharge papers, "Ok to book" signed by Dr. Melton.

47.   The Centinela Hospital Medical Center gave Mr. Porter exit care patient information on Radial Nerve Palsy, instructing Mr. Porter to follow up with a neurologist for further evaluation.

48.   Upon being returned to the 77th Street Division Jail, Mr. Porter was imprisoned, charged with a violation of Vehicle Code Section 4463(A)(1), a felony, and driving on a suspended driver's license, and held on $20,000 bail.  He was booked by Defendant Kyle Shutes, ///

7

1 | Badge No. 41044, and the Sergeant Officer approving the booking was Sergeant Christopher

2 | Curry, Badge No. 33384.

3 |      49.    Mr. Porter posted bail on or about August 12, 2014.  The bail premium was

4 | approximately $2,000.

5 |      50.    Mr.  Porter paid approximately $400.00 in impound fees to retrieve his vehicle.

6 |      51.    Because of the injury from the handcuffs, Mr. Porter was unable to work for

7 | several months, and lost income as a result, of approximately $20,000.00 to $30,000.00.

8 |      52.    Mr. Porter suffered physical harm, nerve damage and physical pain as a result of

9 | the handcuffs being placed too tightly on his arms, for which Mr. Porter is entitled to be

10 | compensated in an amount within the jurisdiction of this Court.

11 |      53.    Because of this incident and the matter alleged herein, Mr. Porter has incurred and

12 | continues to incur medical bills and other medical charges for medicine and related treatment

13 | items which Mr. Porter is informed and believes and thereon alleges to be in an amount within

14 | the jurisdiction of this Court.

15 |      54.    Because of this incident, and the matters alleged herein, Mr. Porter suffered

16 | emotional pain and distress which deserves to be compensated in an amount which is within the

17 | jurisdiction of this Court.

## FIRST CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. SECTION 1983 (EXCESSIVE FORCE)

### (Against All Defendants except the City of Los Angeles)

21 |      55.    The allegations set forth in paragraphs 1 through 54 are incorporated herein by

22 | this reference.

23 |      56.    By reason of the aforementioned conduct of defendants, who were acting under

24 | color of state law, Mr. Porter was deprived of his rights, privileges and immunities under the

25 | Constitution of the United States and the laws enacted thereunder.   Defendants' wrongful

26 | conduct in restraining, arresting, seizing, and using excessive force upon Mr. Porter without

27 | probable cause or due process, is in violation of the Fourth Amendment to the United States

28 | Constitution and is redressable pursuant to 42 U.S.C. Section 1983.

8

57.   Defendants' acts and omissions as herein alleged proximately caused Mr. Porter to sustain bodily pain, humiliation, anxiety, torment, degradation and extreme emotional distress.

58.   By reason of the aforementioned acts and omissions of defendants, Mr. Porter did incur and may continue to incur medical and treatment expenses in the future.

59.   By reason of the aforementioned acts and omissions of defendants, Mr. Porter was compelled to secure the services of an attorney at law to redress the wrongs herein mentioned. As a result, Mr. Porter is indebted and liable for legal costs, including attorney's fees.

60.   Mr. Porter is informed and believes and thereon alleges that the aforementioned acts and omissions of defendants were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Mr. Porter, thereby justifying the award of punitive and exemplary damages against all defendants sued in their individual capacity.

## SECOND CAUSE OF ACTION

## MUNICIPAL VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

### (Against Defendant City of Los Angeles and Does 1-100)

(On September 15, 2016, the United States District Court granted summary adjudication in favor of all Defendants on this cause of action. Accordingly, the allegations of the Second Cause of Action are omitted from the First Amended Complaint).

## THIRD CAUSE OF ACTION

## ASSAULT AND BATTERY

### (Against All Defendants)

61.   The allegations set forth in paragraphs 1 through 59 are incorporated herein by this reference.

62.   As alleged herein, defendants, and each of them, handcuffed and battered Mr. Porter in a manner which was calculated to cause unnecessary and excessive pain and caused unnecessary physical injury and damages.  The Defendant Officers' despicable conduct was completely unprovoked in that Mr. Porter is a law-abiding citizen and there were no objective

1    observations or criteria whatsoever that Mr. Porter was engaged in criminal activity.  By reason

2    of the wrongful and malicious acts of Defendants, Mr. Porter sustained severe psychological and

3    emotional injuries and has suffered extreme mental and physical anguish.  Mr. Porter did not

4    consent to the use of force against him, and specifically requested that the handcuffs be loosened.

5          63.     Defendants' acts and omissions as herein alleged were a use of unreasonable force

6    and excessive force, that proximately caused Mr. Porter to sustain great pain, physical damage,

7    anxiety, degradation and  emotional distress.

8          64.     By reason of the aforementioned acts and omissions of Defendants, Mr. Porter

9    suffered damages as alleged herein.

10          65.     Mr. Porter is informed and believes and thereon alleges that the aforementioned

11    acts and omissions of Defendants were willful, malicious, intentional, oppressive and despicable

12    and were done in willful and conscious disregard of the rights, welfare and safety of Mr. Porter,

13    who is entitled to  punitive and exemplary damages against all defendants sued in their individual

14    capacity.

15    **FOURTH CAUSE OF ACTION**

16    **FALSE ARREST AND IMPRISONMENT**

17    (On September 15, 2016, the United States District Court granted

18    summary adjudication in favor of all Defendants on this cause of action.

19    Accordingly, the allegations of the Fourth Cause of Action are omitted

20    from this First Amended Complaint).

21    **FIFTH CAUSE OF ACTION**

22    **NEGLIGENT HIRING, TRAINING AND RETENTION**

23    **(Against Defendants City of Los Angeles and Does 7-50,**

24    **Employees of the City of Los Angeles)**

25    (On September 15, 2016, the United States District Court granted

26    summary adjudication in favor of all Defendants on this cause of action.

27    Accordingly, the allegations of the Fifth Cause of Action are omitted

28    from this First Amended Complaint).

FIRST AMENDED COMPLAINT

**SIXTH CAUSE OF ACTION**

**NEGLIGENCE**

**(Against All Defendants)**

(On September 15, 2016, the United States District Court granted summary adjudication in favor of all Defendants on this cause of action. Accordingly, the allegations of the Sixth Cause of Action are omitted from this First Amended Complaint).

**SEVENTH CAUSE OF ACTION**

**AGAINST ALL DEFENDANTS**

**FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1**

66.    Mr. Porter hereby incorporates by this reference the allegations set forth in Paragraphs 1-65 herein.

67.    As alleged hereinabove, Defendants violated Mr. Porter's right to be free from unlawful search and seizure under the United States Constitution, and subjected him to an unlawful arrest, and in doing so, used excessive force.

68.    The California Constitution also prohibits unlawful search and seizure, and the California Constitution defines the minium protection for the citizens of the State of California as being the protection provided under the United States Constitution.

69.    The amount of force used by Defendants on August 8, 2014 on Mr. Porter was unnecessary, unreasonable and excessive.  As a proximate result of that excessive force, Mr. Porter has suffered damages.

70.    As a proximate result of the wrongful acts of Defendants, in addition to his other damages, Mr. Porter is entitled to recover a statutory civil penalty of $25,000 as provided in California Civil Code Section 52(b).

71.    The above-recited actions of Defendants were done with malice, fraud, and oppression and in reckless disregard of Mr. Porter's rights in that there was no reason to handcuff Mr. Porter with excessive force, and no reason not to loosen Mr. Porter's handcuffs, so as not to cause physical injury to Mr. Porter.

72.     Mr. Porter has incurred attorney's fees in pursuing this matter, which he is entitled to recover.

## EIGHTH CAUSE OF ACTION

## AGAINST ALL DEFENDANTS FOR VIOLATION OF

## CALIFORNIA CODE SECTION 51.7

(On September 15, 2016, the United States District Court granted summary adjudication in favor of all Defendants on this cause of action. Accordingly, the allegations of the Eighth Cause of Action are omitted from this First Amended Complaint).

WHEREFORE, Mr. Porter prays for judgment against all defendants, and each of them, jointly and severally as follows:

1.     Compensatory damages (including general and special damages) in an amount sufficient to compensate Mr. Porter in an amount, within the jurisdiction of this Court;

2.     Punitive and exemplary damages (against all Defendants in their individual and/or official capacities, except the governmental entity Defendant the City of Los Angeles) in an amount sufficient to punish the Defendants, and within the jurisdiction of this Court;

3.     Attorney's fees pursuant to 42 U.S.C. §1988 and as provided for in Section 52(b) and Section 52.1(h) of the California Civil Code;

4.     For the statutory penalty as provided in California Civil Code Section 52(b);

5.     For treble damages as provided in the California Civil Code Section 52(a);

/ / /
/ / /
/ / /
/ / /
/ / /

FIRST AMENDED COMPLAINT

6.    For costs of suit; and

7.    For such other and further relief as the Court may deem appropriate, just or equitable, under the circumstances.

Date: October 21, 2016                        Respectfully submitted,

Morris S. Getzels, Esq.
MORRIS S. GETZELS LAW OFFICE
Attorney for Plaintiff
Raymond Hiawatha Porter

13

1

## DEMAND FOR JURY TRIAL

2       Mr. Porter herein demands trial by jury against all defendants on all issues.

3   Date: October 21, 2016                    Respectfully submitted,

4

5

6       _____

7       Morris S. Getzels, Esq.
        MORRIS S. GETZELS LAW OFFICE

8       Attorney for Plaintiff
        Raymond Hiawatha Porter

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14